UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODERICK STRACHAN,

    Petitioner,

v.                                                   CASE NO.  5:10-cv-180-Oc-23PRL

WARDEN, FCC COLEMAN-USP II,

    Respondent.
_____/

**ORDER**

    An inmate at FCI Coleman-Medium serving a 262-month sentence imposed by the District Court for the Southern District of Florida, Strachan moves (Doc. 1) under 28 U.S.C. § 2241 for the writ of habeas corpus. Strachan complains that the criminal history described in his presentence report is inaccurate.  The respondent argues (Doc. 11) that the requested relief is unavailable in a petition for the writ of habeas corpus and moves for dismissal.  Strachan replies  (Doc. 14)

    Strachan complains that the claimed inaccuracies in his "inmate central file"[1] result in his classification at an inappropriately high institutional security level. Alleged mistakes in a presentence report must be raised in the sentencing court, no jurisdiction exists for a challenge under Section 2241, and Strachan demonstrates no

---

[1] The records at issue here are maintained by the BOP in its Inmate Central Records System. *See* Doc. 11, Ex. 2, BOP Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, at § 8, p. 5.

entitlement to Section 2255's savings clause.[2] Strachan's claim should have been raised at sentencing, on direct appeal, and in his preceding Section 2255 motion.

Further, the Bureau of Prisons has verified the accuracy of Strachan's criminal record described in the presentence report. The Supervising United States Probation Officer reviewed Strachan's prior record and confirmed the accuracy of the criminal history score. (Doc. 11, Ex. 3, Letter from United States Probation Office)

Accordingly, the petition is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment dismissing the petition, to terminate any pending motion, and to close the file.

ORDERED in Tampa, Florida, on October 31, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The savings clause of Section 2255 permits a request for relief under Section 2241 if it "appears that the remedy by motion [under Section 2255)] is inadequate or ineffective to test the legality of [the applicant's] detention."